UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MARY ROMERO,

    Plaintiff,

vs.  Case No.:

RADIOLOGY CONSULTANTS OF
HOLLYWOOD, INC., a Florida Profit
Corporation, and MARK GRNJA,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARY ROMERO, ("Plaintiff"), hereby files this Complaint against Defendant, RADIOLOGY CONSULTANTS OF HOLLYWOOD, INC ("RCH"), a Florida Profit Corporation, and MARK GRNJA, an individual, (collectively "Defendants"), and states as follows:

## JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain a judgment against Defendants as to liability, recover unpaid wages, liquidated damages, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3.     Venue in this Court is proper, as the acts and omissions in this Complaint took place in this judicial district, and Defendants reside and regularly conduct business

in this judicial district.

## PARTIES

1. At all times material to this action, Plaintiff was a resident of Miami Dade County, Florida.

2. At all times material to this action, RCH was, and continues to be, a Florida Profit Corporation.  Further, at all times material hereto, RCH was, and continues to be, engaged in business in Florida, with a principal place of business in Broward County, Florida.

3. Based on information and belief, at all times material hereto, Defendant MARK GRNJA was individual resident of the State of Florida, Broward County.

4. At all times material hereto, Defendant MARK GRNJA was, and continues to be Chief Financial Officer of RCH, who managed the day-to-day operations of the business and regularly exercised the authority to: (a) hire and fire employees of RCH; (b) determine the work schedules for the employees of RCH; and (c) control the finances and operations of RCH.

5. Defendant MARK GRNJA is an individual employer as defined by 29 U.S.C. §201, et seq., in that he acted, directly or indirectly, in the interests of RCH towards Plaintiff.

6. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

7. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

8. Defendants were, and continue to be, "employers" within the meaning of

the FLSA.

9. At all times material to this action, Defendant RCH was, and continues to be an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant RCH was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce such as telephones, MRI machines, X-Ray machines, CAT Scans, ultrasounds, and computers. .

12. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

### STATEMENT OF FACTS

13. On May 7, 2007, Defendants hired Plaintiff to work in a non-exempt position as a medical records specialist, doing scheduling, and attending to the front desk for Defendants' radiology and imaging services company.

14. From when she was hired to at least October 2018, Plaintiff was paid an hourly rate for her work for Defendants.

15. Plaintiff's job duties included, but were not limited to, monitoring staff calls, getting faxes, adding doctors and updating information.

16. At various times material hereto, Plaintiff worked for Defendants in

excess of forty (40) hours within a workweek.

17. From at least May 7, 2007, through May 2019, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

18. Specifically, in the three years preceding the date of this Complaint, until at least the end of October 2018, Plaintiff was paid $17 per hour

19. From November 2018 forward, Plaintiff was paid $1,970 biweekly, with no premium for her overtime hours.

20. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

21. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

22. Defendants have violated Title 29 U.S.C. §207 from at least May 7, 2007, through May 2019,[1] in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above.

---

[1] Plaintiff is aware that she can only recover for the time period from three years before the date of this Complaint forward. However, Defendants violated the FLSA throughout her employment.

23. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew, or with reasonable diligence should have known, of the FLSA mandates and their applicability to Plaintiff's employment, but chose not to pay her at an overtime rate for all of her overtime hours.

24. In fact, when Plaintiff asked about being paid overtime, Defendants' HR representative simply stated that Defendants do not pay overtime.

25. Moreover, when Plaintiff was paid an hourly rate, she was paid in two paychecks, with overtime hours being paid on a separate check at her regular $17 per hour rate, with no overtime premium.

26. Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27. Plaintiff re-alleges paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28. From at least May 7, 2007, and continuing through May 2019, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek for the period of three years preceding the date of the filing of the Complaint in this matter.

30.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

31.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or with reasonable diligence should have known, such was, and is, due.

32.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer damages and lost compensation for certain hours worked over forty (40) hours in a workweek, plus liquidated damages.

33.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as, costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 9th day of September, 2019.

_____
Angeli Murthy, Esq.
Florida Bar No. 088758
amurthy@forthepeople.com
Morgan & Morgan, P.A.
8151 Peters Rd., 4th Floor
Plantation, Florida 33324
Telephone: (954) 318-0268

Facsimile: (954) 327-3016
*Trial Attorneys for Plaintiff*